FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 04, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT EASTERN

DISTRICT OF WASHINGTON

| | |
|---|---|
| COMERCIAL GREENVIC, S.A., a Chilean corporation,<br><br>Plaintiff,<br><br>v.<br><br>ONEONTA TRADING CORPORATION, a Washington corporation; JAMES THOMAS, an Individual; JOSH WELDY, an Individual, and CHIAWANA, INC., a Washington corporation,<br><br>Defendant. | Case No. 2:24-cv-00121-ACE<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>ECF No. 30 |

### 1. PURPOSES AND LIMITATIONS

Discovery in this action will involve production of confidential, proprietary, privileged, and private information for which special protection will be warranted. Accordingly, the Stipulating Parties stipulate to and petition the Court to enter the following Stipulated Protective Order.[1] The parties acknowledge that this agreement is consistent with CR 26(c) and LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

---

[1] The Stipulating Parties are only those parties whose attorneys sign this Stipulated Protective Order. Where this Stipulated Protective Order refers to the "parties," it is referring to the Stipulating Parties.

ORDER - 1

## 2. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

(a) Proprietary commercial financial information and data;

(b) Proprietary commercial business plans, contracts, agreements, and operational information and data;

(c) Trade secrets;

(d) Information about the producing party's computer information systems, general hardware and software specifications and related materials; and

(e) Contents of officer and/or employee personnel files and personal identifying information.

Because discovery is ongoing, the parties agree that this may be amended if additional categories arise.

## 3. "ATTORNEYS' EYES ONLY" MATERIAL

The parties acknowledge that there may be CONFIDENTIAL information produced for which a higher level of protection is required; such information may be designated as "ATTORNEYS' EYES ONLY." "ATTORNEYS' EYES ONLY" designations should be used only for sensitive technical, financial, competitive, or personnel material, which is not generally known by third parties and that the producing party would not normally reveal to third parties or would cause third parties to maintain in confidence either by agreements, policies, or procedures. "ATTORNEYS' EYES ONLY" material shall include the following documents and tangible things produced or otherwise exchanged during the course of this litigation:

(a) Information referring to or reflecting the financial books and records of the producing party, including without limitation information generated after any defendant's employment with plaintiff ended;

(b) Information referring to or reflecting the revenues, costs, expenses, profits and losses of the producing party;

(c) Information about the producing party's short and long-term business plans;

(d) Contracts that the producing party has with suppliers, vendors, customers, contractors, subcontractors, and other third parties;

(e) Information the producing party's business competitors could use to obtain a business or legal advantage over the producing party, including but not limited to client lists;

(f) Information of a highly confidential, sensitive or proprietary nature that is obtained from a third party; and

(g) Other non-public information of a party, non-party, or person, that may require that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.

Provided however, information and records described in PACA regulations 7 CFR 499a-499t shall not be presumptively designated as "ATTORNEY'S EYES ONLY" even though such information is financial in nature. Such information not to be presumptively classified as "ATTORNEY'S EYES ONLY" includes cost and expense records, payment records, inventory and sales records, sales invoices, non-attorney client communications, inspections or other records related to produce supplied to Defendant.

### 4. SCOPE

The protections conferred by this agreement cover not only "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material (as defined above), but also (1) any information copied or extracted from confidential material or attorneys' eyes only material; (2) all copies, excerpts, summaries, or compilations of confidential or attorneys' eyes only material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material or attorneys' eyes only material.

However, the protections conferred by this Agreement do not cover information that is in the public domain or becomes part of the public domain through no fault of the party asserting the protection.

# 5. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL OR ATTORNEYS' EYES ONLY MATERIAL

5.1    Basic Principles. Except as specifically provided herein, a receiving party may use confidential material or attorneys' eyes only material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential or attorneys' eyes only material may be disclosed only to the categories of persons and under the conditions described in this Agreement. Confidential material or attorneys' eyes only must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

5.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court, court personnel, and court reporters and their staff;

(e)    copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging

ORDER - 4

service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

5.3 Disclosure of "ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any attorneys' eyes only material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the court, court personnel, and court reporters and their staff;

(d) copy or imaging services retained by counsel to assist in the duplication of attorneys' eyes only material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any attorneys' eyes only material to third parties and to immediately return all originals and copies of any attorneys' eyes only;

(e) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

ORDER - 5

(Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal attorneys' eyes only material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

    (f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

  5.4 Filing CONFIDENTIAL or ATTORNEYS' EYES ONLY Material.

Before filing confidential or attorneys' eyes only material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Civil Rules 26(c), to determine whether the designating party will remove the confidential or attorneys' eyes only designation, whether the document can be redacted, or whether the parties must file the confidential material under seal pursuant to a stipulated and proposed order or by motion. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential or attorneys' eyes only information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Federal Civil Rule 5.2 and Washington General Rule 15 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. The designating party need not confer with the other party prior to filing documents it has designated as confidential or attorneys' eyes only unless the other party has also designated the same documents as confidential or attorneys' eyes only.

## 6. DESIGNATING PROTECTED MATERIAL

  6.1 Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards set forth in this agreement. The designating party must designate for protection only

ORDER - 6

those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.2     Manner and Timing of Designations. Except as otherwise provided in this agreement (*see*, *e.g.*, second paragraph of section 6.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced. The receiving party has ten (10) business days after receiving the material to designate the material or portions of the material not previously designated by the producing party.  With respect to material and/or documents already provided, the parties have ten (10) days from the date of the entry of this agreement to make any designations.

(a)     Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each page that contains confidential material or attorneys' eyes only material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as CONFIDENTIAL or for ATTORNEYS' EYES ONLY. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

6.3   Inadvertent Failures to Designate. Pursuant to Washington Civil Rule 26(b)(6), if timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

**7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1   Timing of Challenges. Any party or non-party may challenge a designation of confidential or attorneys' eyes only at any time. Such challenges must be made in writing. Unless a prompt challenge to a designating party's confidentiality or attorneys' eyes only designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential or attorneys' eyes only designations without Court involvement, and must do so within ten (10) business days of notice of any written objection. The parties may agree to extend this time. Any motion regarding confidential or attorneys' eyes only designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

7.3     Judicial Intervention. If the parties cannot resolve a challenge without Court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Civil Rule 26(c) or GR 15, if applicable). The burden of persuasion in any such motion shall be on the designating party. The Court has discretion to award fees to the prevailing party, and/or sanction a party for making improper designations or bringing a meritless challenge to designations. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

## 8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement;

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected; and

(d)     If the designating party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission or the law requires production..

**9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential or attorneys' eyes only material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

**10.    INADVERTENT PRODUCTION OF PRIVILEGED OR
         OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in CR 26(b)(6). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for

production without prior privilege review. The parties agree to the entry of a non-waiver order under ER 502(d) as set forth herein.

**11.    NON TERMINATION AND RETURN OF DOCUMENTS**

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential or attorneys' eyes only material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

Pursuant to ER 502(b), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

The confidential or attorneys' eyes only obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise. IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: November 4, 2024

GORDON REES SCULLY
MANSUKHANI, LLP

By: */s/Mariah A. Anderson*
Todd A. Bowers, WSBA #24638
Mariah A. Anderson, WSBA #37186
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5100
Fax: (206) 689-2822
Email: tbowers@grsm.com
Email: manderson@grsm.com

*Attorneys for Defendant*

By: */s/ Craig Stokes*
Craig Stokes, WSBA #33949
PO Box 6909
San Antonio TX 78209-0909
(210) 804-0011 – Telephone
(210) 742-2789 – Direct Line

cstokes@stokeslawoffice.com

*Attorneys for Plaintiff*

IT IS ORDERED that the Court adopts and approves the above stipulations of the parties.

IT IS FURTHER ORDERED, pursuant to ER 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those

ORDER - 12

documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED November 4, 2024.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 13

EXHIBIT A

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court Eastern District of Washington on _____, 2024 in the case of *Comercial Greenvic, S.A. v. Oneonta Tradition Corporation, et al*, District Court Cause Case No. 2:24-CV-00121-ACE. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:

City and State where sworn and signed:

Printed name:

Signature:

ORDER - 14